


# United States Court of Appeals
# District of Columbia Circuit

333 Constitution Avenue, NW Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

Sai[1]
*Petitioner*

v.                                          Case Number: **14-1005**

United States Postal Service (USPS)
*Respondent*

### Petition for Review of an Agency

Notice is hereby given on this, the 4th day of January 2014, that Petitioner Sai hereby petitions the United States Court of Appeals for the District of Columbia Circuit for review of the Respondent USPS's December 12, 2013, denial on administrative appeal 14-023 of Sai's requests for expedited processing and fee waiver under the Freedom of Information Act in FOIA Case No. 2014-FPRO-00057, as well as the USPS's failure, previous to the administrative appeal, to timely and properly respond in the same FOIA case.

Respectfully submitted,

Sai, *plaintiff pro se*

dccc@s.ai

+1 510 394 4724

PO Box 401159, San Francisco, CA 94110

---

[1] Please note that "Sai" is my *full* legal name. I do not have a second name.

LEGAL STRATEGY


**UNITED STATES POSTAL SERVICE**

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

December 12, 2013

Sai
P.O. Box 401159
San Francisco, CA 94110-1159

Re: Freedom of Information Act Appeal No. 14-023
    FOIA Case No. 2014-FPRO-00057

Dear Sai:

This responds to your November 25, 2013, email message that was directed to the Postal Service Records Office and David Belt of the General Counsel's Office.[1] We interpret your message as an appeal of the Records Office's determination, regarding the above referenced Freedom of Information Act (FOIA) request, to deny your requests for expedited processing and a fee waiver.

Expedited Processing

Section 265.7(g)(1) of 39 Code of Federal Regulations sets out the applicable criteria for the agency's consideration of a request for expedited processing. Specifically, it states that the Postal Service shall grant a request for expedited processing "when the requester demonstrates compelling need." The regulation provides that "compelling need" exists if:

- (1) Failure of the requester to obtain the requested records on an expedited basis "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual"; or
- (2) There is "an urgency to inform the public concerning actual or alleged federal government activity" in instances where the requester is "primarily engaged in disseminating information."

Moreover, Section 265.7(g)(2) provides that the requester must "provide information in sufficient detail to demonstrate compelling need" and certify the statement "to be

---

[1] In the future, please direct any electronic correspondence regarding FOIA appeals to Mr. Derrick L. Myers (Derrick.L.Myers@usps.gov) of Federal Requirements, the section of the General Counsel's Office that is responsible for considering all administrative FOIA appeals.

475 L'ENFANT PLAZA SW
WASHINGTON, DC 20260-1135
WWW.USPS.COM

true and correct to the best of the requester's knowledge and belief."

After careful review and consideration of your appeal, this Office has concluded that you have failed to provide sufficient information to demonstrate the requisite "compelling need" to warrant the granting of your request for expedited processing. Accordingly, this Office is upholding the decision of the Records Office in this matter.

Fee Waiver

Under the FOIA, the Postal Service may charge fees for costs associated with processing a FOIA request. The fees are calculated in accordance with regulations set out in 39 C.F.R. § 265.9. The requester is responsible for the payment of all fees related to processing the request. Postal Service regulations direct that "the most efficient and least costly method[]" shall be used "when complying with requests for records." 39 C.F.R. § 265.9(a).

As noted in the Records Office's November 25, 2013, response to you, a "public interest" fee waiver is appropriate where the disclosure of requested records is likely to significantly contribute to the public understanding of the operations or activities of the Postal Service, and release of the records is not primarily in the commercial interest of the requester.  See 5 U.S.C. §552(a)(4)(A)(iii); 39 C.F.R. § 265.9(g)(3). Fee waivers are not proper where the requester seeks information to further a private interest. See Carney v. U.S. Dep't of Justice, 19 F.3d 807, 816 (2d Cir. 1994); McClain v. U.S. Dep't of Justice, 13 F.3d 220, 221 (7th Cir. 1993).

To determine whether disclosure of the requested information is in the public interest, this Office considers the following factors: (1) the relation of the records to the operations or activities of the Postal Service; (2) the informative value of the information to be disclosed; (3) any contribution to an understanding of the subject by the general public likely to result from disclosure; (4) the significance of that contribution to the public understanding of the subject; (5) the nature of the requester's personal interest, if any, in the requested disclosure; and (6) whether the disclosure would primarily be in the requester's commercial interest. See 39 C.F.R. § 265.9(g)(3)(i)-(vi). See also, Section 4-6.3, AS-353 Handbook, "Guide to Privacy, the Freedom of Information Act, and Records Management."

Requests for a fee waiver must: (1) be made with "reasonable specificity," Prison Legal News v. Lappin, 436 F.Supp.2d 17, 26 (D.D.C. 2006); (2) be considered on a case-by-case basis; and (3) should address both of the waiver requirements in sufficient detail for the agency to make an informed decision as to whether it can appropriately waive or reduce the fees in question. Media Access Project v. FCC, 883 F.2d 1063, 1065 (D.C. Cir. 1989). The requester bears the burden of establishing that he or she is entitled to a fee waiver. Friends of the Coast Fork v. U.S. Dept. of Interior, 110 F.3d 53, 55 (9th Cir. 1997); In Def. of Animals v. NIH, 543 F.Supp.2d 83, 108 (D.D.C. 2008).

In the instant case, this Office has not been presented with sufficient evidence demonstrating that the release of the particular records you have requested would serve the public interest. Based on the statements you have submitted, it appears that the

requested records would primarily be used within the limited context of an administrative hearing in which you have an interest. Accordingly, there is no basis to warrant a fee waiver. See Brunsilius v. DOE, No. 07-5362, 2008 U.S. App. LEXIS 15314, at *2 (D.C. Cir. 2008) (per curiam) (emphasizing that "[a]ppellant's indigence and his private litigation interest are not valid bases for waiving fees under FOIA"). Therefore, this Office upholds the Records Office's decision to deny you a fee waiver.

Conclusion

With respect to your expedited processing and fee waiver requests under the Freedom of Information Act, this is the final decision of the Postal Service. You may seek judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principal place of business, the district where the alleged records are located, or in the District of Columbia.

We also note that as an alternative to litigation, you may wish to utilize the services of the Office of Government Information Services (OGIS), National Archives and Records Administration. OGIS was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Telephone: 202-741-5770
> Facsimile: 202-741-5769
> Toll-free: 1-877-684-6448

For the General Counsel,

*[signature]*

Christopher T. Klepac
Chief Counsel
Federal Requirements

cc:   Ms. Eyre
      Ms. Chavannes-Battle